UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Insun Kim, | ) C/A: 2:16-3397-RMG-BM |
|                 Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Progressive Northern Insurance Company, | ) |
|                 Defendant. | ) |

This is a civil action filed by the Plaintiff, Insun Kim, pro se, and is before the Court for pre-service review. See 28 U.S.C. § 1915(e)(2)(B); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir.1997)[pleadings by non-prisoners should also be screened]. Under established local procedure in this judicial district, a careful review has been made of the pro se complaint herein pursuant to the procedural provisions of § 1915 and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable

basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319. Further, while this court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## Discussion

This action arises out of an automobile accident that occurred on September 7, 2014, and the Defendant's purported improper handling of Plaintiff's claim. Plaintiff previously brought suit against Defendant Progressive Northern Insurance Company (Progressive) in the Charleston County Court of Common Pleas, which granted Progressive's motion to dismiss on July 14, 2016. Kim v. Progressive N. Ins. Co., 2016-CP-100674 (S.C.C.P. July 14, 2016)(judgment filed the following day). Records from the Court of Common Pleas for Charleston County indicate that, in its motion to dismiss, Progressive argued that Plaintiff failed to state facts sufficient to constitute a cause of action against it as South Carolina law prohibits third-parties from bringing a direct action



2

against an insurer for damages caused by the insured.[1] See Charleston County Public Index, http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency=10002&Casenum=2016CP1000674&CaseType=V (last visited Feb. 6, 2017).[2]

On July 15, 2016 (the day after the judgment was filed in the state court case), Plaintiff filed a lawsuit in this court, alleging that Progressive failed to pay damages resulting from the automobile accident on September 7, 2014. Plaintiff claimed she suffered personal injuries based on the actions of another driver insured by Progressive, and that Progressive refused to settle her claims against the company. On September 23, 2016, the Honorable Richard M. Gergel, United Stated District Judge, dismissed that action with prejudice, finding that the action was precluded by the doctrine of res judicata. See Kim v. Progressive N. Ins. Co., No. 2:16-2561-RMG, 2016 WL 5346938 (D.S.C. Sept. 23, 2016).

---

[1] Plaintiff was insured by Allstate, while the other driver was insured by Progressive. In South Carolina, third-party claimants do not have standing to assert claims arising out of an insurer's breach of contract with its insured. See Hill v. Canal Ins. Co., No. 7:12–330, 2012 WL 3135402, at *2 (D.S.C. Apr. 1, 2012) (citing Kleckley v. Northwestern Nat'l Caves. Co., 526 S.E.2d 218, 219 (S.C. 2000)). Additionally, the Supreme Court of South Carolina and the Court of Appeals of South Carolina "have repeatedly denied actions for bad faith refusal to pay claims to third parties who are not named insureds." Kleckley, 526 S.E.2d at 219; see, e.g., Carter v. American Mut. Fire Ins. Co., 307 S.E.2d 227 (S.C. 1983); Cook v. Mack's Transfer & Storage, 352 S.E.2d 296 (S.C. Ct.App. 1986); Swinton v. Chubb & Son, Inc., 320 S.E.2d 495, 496 (S.C.Ct. App. 1984). The Supreme Court of South Carolina noted in Kleckley that the appropriate avenue of relief is to bring an action against the first-party beneficiary, which may then pursue an action against the insurer if a judgment is obtained. Kleckley, 526 S.E.2d at 220.

[2] This court "may properly take judicial notice of matters of public record." See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"].





In the present action, Plaintiff again alleges that Progressive acted in bad faith as to her claims against the company concerning the September 7, 2014 automobile accident. In the "Statement of Claim" portion of her Complaint form, she writes:

> It is ongoing since the date September the 7th 2014, [t]he Plaintiff is in pain of teeth ache, entire headache[,] backache. However, the defendant[] knowingly disregard[ed] the Plaintiff's right to claim for bodily injury totally. The defendant forget to do the duty of rele[a]se the payment to the Plaintiff purposley [sic].

Complaint, ECF No. 1 at 5. In the "Relief" section of her Complaint, she writes:

> Plaintiff is in pain of teeth ache headache entire, back pain and all body part even now. The Defendant[] acted on bad faith pure evil, tyger river.[3] The total amount for pu[i]tive money damages is 22 million 100 thousand[] dollars.

ECF No. 1 at 5. Along with her Complaint, Plaintiff submitted information concerning the September 7, 2014 automobile accident; correspondence between Plaintiff and Progressive, correspondence from the Charleston County Clerk of Court concerning Plaintiff's previous case (2016CP1000674) filed in state court, and information concerning Plaintiff's previous case (2:16-2561-RMG) filed in this court. ECF No. 1-1.

The Complaint filed in this case is subject to summary dismissal without service of process because Plaintiff is attempting to litigate in this action the same claims she asserted against the same defendant (Progressive) as she previously asserted in her lawsuit filed in the state court and in her lawsuit filed in this court. "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of

---

[3]South Carolina law recognizes a cause of action for bad-faith refusal to pay benefits under an insurance policy. Nichols v. State Farm Mut. Auto. Ins. Co., 306 S.E.2d 616, 618 (S.C. 1983) (citing Tyger River Pine Co. v. Maryland Cas. Co., 170 S.E. 346 (S.C. 1933)). "[I]f an insured can demonstrate bad faith or unreasonable action by the insurer in processing a claim under their mutually binding insurance contract, he can recover consequential damages in a tort action." Id. at 619.

4

action." Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 327 n. 5 (1979). "There are three elements necessary to apply the doctrine of res judicata: (1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." Coyne & Delany Co. v. Selman, 98 F.3d 1457, 1473 (4th Cir.1996) (internal citations omitted). The three criteria for application of res judicata are satisfied in this case. First, a final judgment has been entered against Plaintiff on the merits in both her state court case and the prior case she filed in this court. Second, the factual allegations contained in the present complaint are essentially the same as in the prior state court case and in her prior case in this court, as Plaintiff is again trying to sue Progressive, the insurer of the driver of the other automobile involved in the September 7, 2014 automobile accident, in an attempt to recover money for her alleged injuries from that accident. Plaintiff also again alleges that Progressive acted in bad faith in not paying her monetary damages. Third, Plaintiff is attempting to sue the same party (Progressive) as before. As such, Plaintiff's claims have been fully adjudicated and may not be re-litigated, nor may Plaintiff "appeal" the results of a federal district court decision by filing another federal case in an attempt to obtain "another bite of the apple." Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). ["The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."]

Thus, Plaintiff's present law suit should be summarily dismissed as frivolous. See Brown v. South Carolina, Case No. 3:13–2983–MBS-PJG, 2014 WL 4826152, *2 (D.S.C. Sept. 24, 2014) [determining that because pro se litigant had filed another case reasserting the same claims against the same parties as in a prior case, "all three elements of res judicata have been met, subjecting Plaintiff's action to summary dismissal as frivolous"], aff'd, 589 F. App'x 190 (4th Cir.

2015); Cottle v. Bell, No. 00–6367, 2000 WL 1144623, *1 (4th Cir. Aug.14, 2000) ["[D]istrict courts are not required to entertain duplicative or redundant lawsuits."]; see also MacKinnon v. City of N.Y., 580 F. App'x 44 (2d Cir. 2014) ["[w]e have regularly upheld a district court's authority to dismiss sua sponte a pro se complaint on res judicata grounds"], cert. denied, 135 S.Ct. 2316 (2015); Paul v. de Holczer, Case No. 3:15–2178–CMC–PJG, 2015 WL 4545974, *6 (D.S.C. July 28, 2015)[holding that "repetitious litigation of virtually identical causes of action" may be dismissed as frivolous], aff'd, 631 F. App'x 197 (4th Cir. Feb. 4, 2016); Southern Holdings, Inc. v. Horry Cty., South Carolina, Case No. 4:02-1859-RBH, 2014 WL 11071017, *6 (D.S.C. June 11, 2014) ["the many previous grounds argued and ruled on in previous orders and upheld on appeal lack merit and are simply duplicative"].

Additionally, if Plaintiff is somehow attempting to remove her state court case to this court, she may not do so by filing a complaint here. "A complaint is not the appropriate vehicle for removing a case from state court to federal court." Barnard v. Plastics Reclaim Co., No. 8:08-714-HMH-BHH, 2008 WL 2076686, at *3 (D.S.C. May 9, 2008). Further, a state court action may be removed to federal court only by a defendant. See 28 U.S.C. § 1441(a).

Finally, to the extent that Plaintiff is attempting, through the filing of this lawsuit, to appeal the results of her state court action, the current action should be dismissed because federal district courts do not hear "appeals" from state court actions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983)[a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257]; Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). To rule in favor of Plaintiff on claims filed in this action may require this court to



overrule and reverse orders and rulings made in the state court, and such a result is prohibited under the Rooker–Feldman doctrine. Davani v. Virginia Dep't. of Transp., 434 F.3d 712, 719-720 (4th Cir. 2006); see Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 293-294 (2005); Jordahl v. Democratic Party of Va., 122 F.3d 192, 201 (4th Cir. 1997).[4]

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint with prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

February 7, 2017
Charleston, South Carolina

---

[4]This is not a case where the federal complaint raises claims independent of, but in tension with, a state court judgment such that the Rooker-Feldman doctrine would not be an impediment to the exercise of federal jurisdiction. See Vicks v. Ocwen Loan Servicing, LLC, No. 16-1909, 2017 WL 360546 (4th Cir. Jan. 25, 2017)[district court erred in applying Rooker-Feldman doctrine to bar appellants' claims where the claims did "not seek appellate review of [the state court] order or fairly allege injury caused by the state court in entering that order"]; Thana v. Bd. of License Comm'rs for Charles Cty., Md., 827 F.3d 314, 320 (4th Cir. 2016)[Rooker-Feldman doctrine is not an impediment to the exercise of federal jurisdiction when the federal complaint raises claims independent of, but in tension with, a state court judgment simply because the same or related question was aired earlier by the parties in state court].



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

