IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Insun Kim, | Civil Action No. 2:16-3397-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Progressive Northern Insurance Company, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that this action be summarily dismissed without prejudice and without service of process. For the reasons set forth below, the Court adopts the Report and Recommendation, and dismisses this action with prejudice and without service of process.

### I. Background

Plaintiff Insun Kim alleges Defendant Progressive Northern Insurance Company ("Progressive") failed to pay damages resulting from an automobile accident on September 7, 2014. Plaintiff alleges she suffered personal injuries because of the actions of another driver whom Progressive insured, yet Progressive refused to settle her claims. Plaintiff previously brought this same claim in the Charleston County Court of Common Pleas, which granted Progressive's motion to dismiss on July 14, 2016. *Kim v. Progressive N. Ins. Co.*, 2016-CP-100674 (S.C.C.P. July 14, 2016) (judgment filed the following day). Plaintiff filed a federal action the next morning, asserting claims for breach of contract, bad faith refusal to pay benefits under an insurance policy, negligence, and gross negligence, which the Court dismissed on res judicata grounds on September 23, 2016. *Kim v. Progressive N. Ins. Co.*, Civ. No. 2:16-2561-RMG, 2016 WL 5346938 (D.S.C. Sept 23, 2016). On September 28, 2016, Plaintiff emailed the Court stating that she would "not

accept" the judgment of the Court and that "I will re file also that I can get my compensation." Letter, Civ. No. 2:16-2561-RMG, Dkt. No. 23. As promised, on October 14, 2016, Plaintiff refiled the same claim against the same Defendant in the present action. Plaintiff seeks $22,100,000 in damages. (Dkt. No. 1 at 5.) On February 7, 2017, the Magistrate Judge recommended summary dismissal with prejudice on res judicata grounds. (Dkt. No. 11.) Plaintiff has filed no objections to the Magistrate Judge's recommendation.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## III. Discussion

Plaintiff admits this action is a duplicate of her previous action that was dismissed with prejudice because it was an attempt to obtain a different result than she obtained in state court. Plaintiff also admits that she filed this action because she is unwilling to abide the previous judgment of this Court. Letter, Civ. No. 2:16-2561-RMG, Dkt. No. 23. It was her hope that this action would be assigned to a different judge who might reach a different conclusion on the merits of her claim. (*See* Dkt. No. 1-2 (Plaintiff informing the Court, "I do not want the people who worked on my case no more ever again. I also wish my case paper never to be seen by the same people again").) Plaintiff fails to understand the binding nature of the judgment of a court having

jurisdiction over a claim. Plaintiff's claim was litigated in state court and this Court will not give her a different result no matter how many times she files this same claim. For the reasons set forth in the Report and Recommendation, this action must be dismissed with prejudice as barred by res judicata. Further, the Court notifies Plaintiff that any future attempt to refile this claim in federal court may result in a pre-filing injunction under 28 U.S.C. § 1651(a). *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 819 (4th Cir. 2004).

## IV.   Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 11). The complaint is **DISMISSED WITH PREJUDICE** and without service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 27, 2017
Charleston, South Carolina